UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEDIDIAH BROWN, *by and through
next friend* JASON DYE,

    Petitioner,

v.

CITY OF FLINT, et al.,

    Respondents.
_____/

Case Number 1:25-cv-11948

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Currently before the Court is Petitioner Jedidiah Brown's Petition for a Writ of Habeas Corpus, filed by his purported "next friend" Jason Dye. But Dye has not shown that he can seek federal habeas relief on Petitioner's behalf. And, even if Dye was Petitioner's "next friend," Petitioner has not exhausted his available state remedies because all habeas claims concern an ongoing state criminal prosecution. So the Petition must be dismissed. Because reasonable jurists would not debate this conclusion, a certificate of appealability will be denied. And because an appeal would not be taken in good faith, so too will Petitioner's ability to proceed *in forma pauperis* on appeal.

I.

On June 27, 2025, Jason R. Dye filed a *pro se* habeas petition on Petitioner Jedidiah Brown's behalf. ECF No. 1. According to the Petition, Dye is Petitioner's "next friend and constitutional advocate." *Id.* at PageID.1. Petitioner claims that he, "national civil rights activist and whistleblower," was "unlawfully arrested, jailed without charges," and detained for 48 hours

after attending a city council meeting in Flint, Michigan to express concerns regarding the city's water crisis.[1] *Id.* at PageID.2–3.  Petitioner also alleges he is currently subject to "unconstitutional bond conditions" that restrict him "from speaking and public meetings or being near government officials." *Id.* at PageID.2. Petitioner lists the following as respondents: (1) the City of Flint, (2) Mayor Sheldon Neely, (3) the Flint Police Department, (4) unknown Genesee County Jail officials, and (5) unknown "magistrates/judicial officers" who, he alleges, "imposed unconstitutional conditions." *Id.* at PageID.2–3. Petitioner alleges violations of his First, Fourth, Eighth, and Fourteenth Amendment rights and seeks injunctive and declaratory relief. *Id.* at PageID.3–4.

## II.

Courts must promptly review habeas petitions to "screen out" facial frivolity. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Indeed, the United States District Courts' Rules Governing Section 2254 Cases instruct district judges to dismiss habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing § 2254 Cases; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999).  And although Rule 4 expressly applies to § 2254 petitions, courts routinely rely on Rule 4 for habeas petitions filed under § 2241. *See, e.g.*, *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (collecting cases). Simply stated, when a habeas petition is frivolous or facially meritless, dismissal is appropriate, and no responsive pleadings are necessary. *See Allen*, 424 F.2d at 141; *Perez*, 157 F. Supp. 2d at 796 ("Federal courts are . . . authorized to dismiss *any* habeas petition that appears legally insufficient on its face." (emphasis added)).

---

[1] In May 2025, Petitioner was charged with two counts of disorderly conduct in state court. *See City of Flint v. Brown*, Case No. 25-OM-25G00918 (67th Dist. Ct., Mich. May 5, 2025). He was released on a $10,000 bond on May 8, 2025. *See id.*

### III.

The Petition must be dismissed, for two reasons.

First, Dye lacks standing to seek federal habeas relief on Petitioner's behalf. True, a petition for a writ of habeas corpus may be filed by one person on behalf of another. 28 U.S.C. § 2242. But "next friend" status is more than mere semantics. Two "firmly rooted prerequisites" must be satisfied to confer such status. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). First, a purported "next friend" must adequately explain "why the real party in interest cannot appear on his own behalf," such as "inaccessibility, mental incompetence, or other disability." *Id.* Second, the "next friend" "must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* ("[A]nd it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest."). "These limitations" importantly prevent "intruders or uninvited meddlers" from seeking habeas relief. *Id.* at 164. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.*; *accord Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). Dye has not satisfied this burden. He has not even attempted to explain how Petitioner is incompetent or incapable of filing a habeas petition on his own behalf, nor has he made any showing that he is truly dedicated to Petitioner's interests. *See Tate v. U.S.*, 72 F. App'x 265, 267 (6th Cir. 2003).

Second, even if Dye had satisfied this burden and could proceed as Petitioner's "next friend," Petitioner is facially not entitled to habeas relief. Although federal courts have jurisdiction to hear habeas corpus petitions arising from parallel state criminal pretrial proceedings, a federal court should generally abstain from exercising this jurisdiction if the issues raised in the petition are capable of being resolved either by the state trial or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 545-546 (6th Cir. 1981).

Where a habeas petitioner's claims, if successful, would dispose of pending state criminal charges, the claims must first be presented at trial in state court. Such claims include those that provide an affirmative defense to the criminal charges, and those that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994). Here, Petitioner's habeas claims stem from his state criminal arrest, pretrial release, and prosecution. *See* ECF No. 1. But such prosecution is ongoing. *See supra* n. 1. And Petitioner has not exhausted his available state remedies. So, this Court should not exercise federal jurisdiction to hear his "pre-trial habeas claims." [2] *Klein v. Leis*, 548 F.3d 425, 430 n.2 (6th Cir. 2008).

### IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted). This showing is required regardless of whether the habeas petition is filed under § 2254 or § 2241. *See* 28 U.S.C. §

---

[2] Although exceptions to this exhaustion requirement exist, none apply. For example, a petitioner need not exhaust their state remedies if they allege their ongoing state prosecution violates their Fifth Amendment double jeopardy rights. *See Klein v. Leis,* 548 F.3d 425, 430, n. 2 (6th Cir. 2008) ("If normal exhaustion rules were followed, the [state] defendant . . . would have to submit to a second trial before seeking [federal] redress."). But the Petition here does not allege that Petitioner's state prosecution places him in double jeopardy. *See* ECF No. 1. Another narrow exception applies when a petitioner alleges that their ongoing state prosecution violated their Sixth Amendment speedy trial rights. *See Atkins v. People of the State of Michigan*, 644 F.2d at 547. Petitioner has not made this allegation. *See* ECF No. 1.

2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001); *Winburn v. Nagy,* 956 F.3d 909, 912 (6th Cir. 2020).

In this case, reasonable jurists would not debate this Court's conclusion that, procedurally, Dye has not satisfied the requisite showing to convey "next friend" status to file a habeas petition on Petitioner's behalf. Reasonable jurists would also not debate this Court's conclusion that Petitioner—who complains solely of constitutional injuries stemming from his ongoing state criminal prosecution—has not exhausted available state remedies. Therefore, a COA will be denied. Petitioner will also be denied leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED.**

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED.**

**This is a final order and closes the above-captioned case.**

Dated: July 10, 2025                                  s/Thomas L. Ludington
                                                               THOMAS L. LUDINGTON
                                                               United States District Judge